1  ALAN J. REINACH, State Bar No. 196899
2  JONATHON S. CHERNE, State Bar No. 281548
   Church State Council
3  2686 Townsgate Road,
   Westlake Village, CA 91361
4  Tel: (805) 413-7396
   Fax: (805) 497-7099
5  E-mail: ajreinach@churchstate.org
   E-mail: jcherne@churchstate.org
6  *Attorneys for Plaintiff,*
7  *Elsiddig Elhindi*

   XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
8  SUSAN E. SLAGER, State Bar No. 162942
9  Supervising Deputy Attorney General
   SHANNA M. McDANIEL, State Bar No. 229249
10 Deputy Attorney General
   1300 I Street, Suite 125
11 P.O. Box 944255
   Sacramento, CA 94244-2550
12 Telephone: (916) 322-5318
   Fax: (916) 324-5567
13 E-mail: Shanna.McDaniel@doj.ca.gov
   *Attorneys for Defendant*
14 *Department of Corrections and*
15 *Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELSIDDIG ELHINDI,**<br><br>                                   Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,**<br><br>                                   Defendants. | 2:15-CV-00009-MCE-AC<br><br>**STIPULATION AND ORDER FOR MEDICAL EXAMINATION**<br><br>Date:           May 18, 2017<br><br><br><br>Action Filed: January 5, 2015 |

1

*WHEREAS,* Plaintiff Elsiddig Elhindi has testified, under oath, at his deposition, that he has experienced harassment and retaliation at work, based on his Muslim faith, his race, and his Sudanese origin; and

*WHEREAS,* he has also testified that he has experienced extreme and ongoing emotional distress, including post-traumatic stress disorder, as a result of the alleged harassment and retaliation; and

*WHEREAS,* the Plaintiff agrees to a mental examination of Plaintiff to evaluate his mental condition and the emotional distress he claims to have experienced;

*NOW THEREFORE, THE PARTIES AGREE AND STIPULATE AS FOLLOWS:*

Plaintiff Elsiddig Elhindi will submit to a medical/psychiatric examination, pursuant to Federal Rule of Civil Procedure 35, as follows:

| | |
|---|---|
| **Date:** | May 18, 2017 |
| **Time:** | 9:30 am |
| **Location:** | MOA Deposition Reporters<br>1760 Creekside Oaks Drive, Suite 175<br>Sacramento, CA 95833 |
| **Examining Physician:** | Matthew F. Carroll, MD (CV attached as Exhibit A) |

**Manner of Examination:**

1. Dr. Carroll will interview Plaintiff Elhindi about his employment situation, his allegations against the defendant, the emotional distress he alleges from his employment situation, his medical, financial, legal, educational, family, marital, and developmental background, his habits, his vocational history, and other relevant areas of his life. Plaintiff will not be required to undergo any sort of physical examination, will not be finger printed, and will not be photographed or video-recorded. After the interview, Dr. Carroll will administer the Minnesota Multiphasic Personality Inventory Test.

2

**STIPULATION AND ORDER REGARDING MEDICAL** EXAMINATION
(2:15-CV-00009-MCE-AC)

2. Plaintiff will not be required to fill out new patient forms, insurance forms, authorization for records, or arbitration forms prior to the examination and will not be asked to do so by Dr. Carroll.

3. The total length of the examination will last approximately five hours exclusive of breaks, depending on various factors, including Plaintiff s cooperation. Dr. Carroll shall not seek to uncover any attorney-client privileged information or ask questions that call for a legal conclusion. Plaintiff will be entitled to take reasonable rest or bathroom breaks, if necessary. The on1y persons permitted in the examination session will be Dr. Carroll and Plaintiff; no one else will be allowed to attend or be present. Dr. Carroll will tape record the examination session, but will not provide a copy of the recording to Plaintiff. However, Plaintiff is welcomed to bring his own recording device a:nd record the session for himself.

**Report:**

1. Dr. Carroll will be designated as Defendant's expert witness and will prepare a report of his findings and conclusions which meet the requirements of Federal Rules of Civil Procedure 26(a)(2)(B), 35, and any other applicable rule. Upon receiving the report from Dr. Carroll, Defendant will deliver a copy of the report along with any additional reports regarding the findings of any psychological testing, to Plaintiff's counsel. Defendant will deliver all supplemental reports to Plaintiff's counsel as they become available.

2. The test(s) taken by Plaintiff as part of the mental examination, along with any notes and/or written reports and/or records maintained in any format, including electronic data, are confidential medical records relating to Plaintiff's mental health. These records are confidential and shall not be subject to distribution, without the written authorization of Plaintiff, to anyone except for legal counsel for Defendant, counsel's experts or consultants, and necessary members of counsel's staff, who shall treat these documents as confidential. Said records may be

3

used by defense counsel in preparation for trial, in trial, and in other proceedings by Plaintiff against Defendant, but for no other purpose unrelated to Plaintiff's litigation(s) against Defendant. At the conclusion of this case, Dr. Carroll will return his entire original file to defense counsel and destroy any of his other remaining copies.

**Additional Stipulations:**

1. Defendant will transmit a copy of the signed order to Dr. Carroll so that he is aware of the parameters of the agreed-upon examination. Dr. Carroll will not engage in ex parte contact Plaintiff s other health care providers with regard to Plaintiff, although he is entitled to rely upon Plaintiff s lawfully produced medical and health treatment records in preparing his report. Dr. Carroll may ask for identification from Plaintiff but shall not seek to photocopy or record Plaintiff's government identification.

2. Dr. Carroll, and/or his staff, shall not engage in ex parte contact with Plaintiff's Health Care Providers, with regard to Plaintiff.

3. Plaintiff reserves the right to argue that any ·information acquired or learned or any evaluation made in violation of this agreement will not be eyidence for any reason. The parties further agree that the Court may, upon motion at trial, strike, preclude or limit any testimony of the examiner as appropriate and that Plaintiff is not waiving his right to such relief by agreeing to this examination.

4

**STIPULATION AND ORDER REGARDING MEDICAL** EXAMINATION
(2:15-CV-00009-MCE-AC)

| | | |
|---|---|---|
| 1 | Dated: April 14, 2017 | Respectfully submitted, |
| 2 | | */s/ Jonathon S. Cherne* |
| 3 | | JONATHON CHERNE |
| 4 | | CHURCH STATE COUNCIL<br>*Attorneys for Plaintiff,* |
| 5 | | *Elsiddig Elhindi* |
| 6 | | |
| 7 | | |
| 8 | Dated: April 14, 2017 | XAVIER BECERRA<br>Attorney General of California |
| 9 | | SUSAN E. SLAGER<br>Supervising Deputy Attorney General |
| 10. | | */s/ J. T. Lindstrom* |
| 11 | | TED **LINDSTROM** |
| 12 | | Deputy Attorney General<br>*Attorneys for Defendant* |
| 13 | | *Department of Corrections and Rehabilitation* |

**ORDER**

IT IS SO ORDERED.

DATED: April 20, 2017

*/s/ Allison Claire*

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

SA2015102185
Stipulation & Order For Medical Examination.doc