| | |
|---|---|
| 1 | XAVIER BECERRA<br>Attorney General of California |
| 2 | SUSAN E. SLAGER<br>Supervising Deputy Attorney General |
| 3 | SHANNA M. MCDANIEL, SBN 229249<br>Deputy Attorney General |
| 4 | MARC B. KOENIGSBERG, State Bar No. 204265<br>Deputy Attorney General |
| 5 | 1300 I Street, Suite 125<br>P.O. Box 944255 |
| 6 | Sacramento, CA 94244-2550<br>Telephone: (916) 322-0235 |
| 7 | Fax: (916) 324-5567<br>E-mail: Marc.Koenigsberg@doj.ca.gov |
| 8 | *Attorneys for Defendant, California Department of Corrections and Rehabilitation* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSIDDIG ELHINDI,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | 2:15-cv-00009-AC<br><br>**DECLARATION OF MARC B. KOENIGSBERG IN SUPPORT OF DEFENDANT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 7, 2017<br>Time: 10:00 a.m.<br>Ctrm: 26, 8th Floor<br><br>Before The Hon. Allison Claire<br><br>Action Filed: December 31, 2014 |

1

I, Marc B. Koenigsberg, declare:

1. I am a Deputy Attorney General with the Office of the Attorney General, counsel of record for Defendant California Department of Corrections and Rehabilitation (CDCR) in this action. I have personal knowledge of the facts set forth in this declaration and if called upon as a witness I could testify competently about them. I make this declaration in support of CDCR's Motion for Summary Judgment.

2. Attached as Exhibit A are true and correct excerpts from the certified transcript of the deposition of plaintiff Elsiddig Elhindi, taken on August 18, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2017.

*/s/ Marc B. Koenigsberg*

Marc B. Koenigsberg

SA2015102185
12662831.doc

*Exhibit A*

Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 4 of 18

ELSIDDIG ELHINDI - VOLUME 1                                  August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                                        1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2             FOR THE EASTERN DISTRICT OF CALIFORNIA

 3

 4   ELSIDDIG ELHINDI,

 5              Plaintiff,

 6        vs.                          CASE NO.
                                       2:15-CV-00009-MCE-AC
 7   STATE OF CALIFORNIA; and
     CALIFORNIA DEPARTMENT OF
 8   CORRECTIONS AND
     REHABILITATION,
 9
                Defendants.
10
     ~~~~~~~~~~~~~~~~~~~~~~~~~~~~
11

12

13

14              VIDEOTAPED DEPOSITION OF

15                  ELSIDDIG ELHINDI

16                      VOLUME 1

17

18                  August 18, 2016

19                    10:10 a.m.

20

21                   1300 I Street
                       Room 1624
22                Sacramento, California

23

24        SHARON CABELLO, CSR No. 3080

25
```



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 5 of 18

ELSIDDIG ELHINDI - VOLUME 1                         August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                              2

```
 1                   APPEARANCES OF COUNSEL
 2
     For the Plaintiff:
 3
             CHURCH STATE COUNCIL
 4           ALAN J. REINACH, ESQ.
             2686 Townsgate Road
 5           Westlake Village, CA   91361
             805.413.7396
 6           ajreinach@churchstate.org

 7
     For the Plaintiff:
 8
             Council on American-Islamic Relations
 9           SAAD SWEILEM, ESQ.
             717 K Street, Suite 217
10           Sacramento, CA   95814
             916.441.6269
11           ssweilem@cair.com

12
     For the Defendant State of California:
13
             STATE OF CALIFORNIA
14           Department of Justice
             Office of the Attorney General
15           SHANNA M. McDANIEL, Deputy Attorney General
             1300 I Street, Suite 1101
16           P.O. Box 944255
             Sacramento, CA   94244-2550
17           916.322.5318
             shanna.mcdaniel@doj.ca.gov
18

19   For the Defendant State of California:

20           STATE OF CALIFORNIA
             Department of Justice
21           Office of the Attorney General
             TED LINDSTROM, Deputy Attorney General
22           1300 I Street, Suite 1101
             Sacramento, CA   95814
23           916.445.2520
             Ted.lindstrom@doj.ca.gov
24

25                        --oOo--
```



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 6 of 18

ELSIDDIG ELHINDI - VOLUME 1                August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS              121

1   A.  Sure.
2   Q.  Do you have in your possession still the letter
3   that you claim you got from Warden Walker saying you are
4   not allowed to pray at work under any circumstances?
5   A.  It is part of the case file which is about six
6   boxes and my attorney has that.
7   Q.  Okay.
8   A.  It should be in there, yes.
9   Q.  Okay.  So if you look at the back of the
10  Complaint, Exhibit 4, it's Exhibit 1, I believe, it's
11  Charge of Discrimination, and it has got a stamp on it,
12  it was received March 6, 2008.  Do you see that?
13  A.  March 6, 2008?
14  Q.  Correct.
15  A.  Correct, I have it, yes.
16  Q.  Okay.  And do you recognize this as a Charge of
17  Discrimination filed with the California Department of
18  Fair Employment and Housing?
19  A.  Yes.
20  Q.  Is that your signature at the bottom?
21  A.  Correct, it is.
22  Q.  And that's a signature that you are declaring
23  under the penalty of perjury that the above is true and
24  correct?
25  A.  Correct.



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 7 of 18

ELSIDDIG ELHINDI - VOLUME 1                          August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                            122

1   Q. Did you understand when you filled this out
2   that you were filing a Complaint against your employer
3   with what we call CDFA, the California Department of
4   Fair Employment and Housing?
5   A. I actually filed with the EEOC, I believe. But
6   I found out later that they cross file, once you file
7   with one they file with the another.
8   Q. Do you know the difference between the EEOC and
9   the DFEH?
10  A. The difference I know is one is for EEOC, it's
11  a Federal agency, and the Department of Fair Employment
12  & Housing is State agency.
13  Q. And the Department of Fair Employment is -- and
14  the Department of Fair Employment & Housing is a State
15  agency; is that what you said?
16  A. Correct; yes.
17  Q. Okay. And you understand that both of those
18  are administrative agencies, correct?
19  A. Yes.
20  Q. Okay. And do you understand -- did you
21  understand back in 2008 when you filled this out that
22  this was a required step that you do if you want to sue
23  your employer for discrimination or harassment?
24  A. Yes, I do.
25  Q. Okay. So you understand that this is a

```
 1        Q.  Okay.  And we have already established that
 2   case settled February 25, 2010, correct?
 3        A.  Yes, it was.
 4        Q.  Okay.  So now I'm going to mark as Exhibit 5, I
 5   believe we are on, the Settlement Agreement.
 6             (Defendant's Exhibit 5 was marked
 7             for identification.)
 8             MR. REINACH:  This is which number now?
 9             MS. McDANIEL:  I think this is 5; isn't that
10   correct?
11             THE COURT REPORTER:  Yes.
12   BY MS. McDANIEL:
13        Q.  Do you recognize this document?
14        A.  Yes, I do.
15        Q.  Okay.  Do you remember attending a settlement
16   conference at the Sacramento Superior Court on February
17   25th, 2010?
18        A.  Yes, I do.
19        Q.  And you were represented by your attorneys of
20   record?
21        A.  Yes.
22        Q.  And at the end of the day, if I recall
23   correctly, it was very late in the evening, there was an
24   agreement between you and CDCR to settle your Elhindi 1
25   lawsuit.
```



ELSIDDIG ELHINDI - VOLUME 1                                August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                                    127

1    A.  That's true.
2    Q.  Okay.  And if you flip to -- and you were
3  represented by counsel at that meeting or that
4  settlement conference?
5    A.  Yes, I was.
6    Q.  Okay.  And there was a judge there essentially
7  facilitating a settlement?
8    A.  Correct.
9    Q.  Okay.  Go ahead and turn to -- there's -- it's
10 a few pages in, but it's page 1 of the Settlement
11 Agreement and Mutual Release of All Claims.
12   A.  Okay.
13   Q.  And actually -- sorry, turn to page 2, Terms of
14 Agreement.
15   A.  Okay.
16   Q.  So do you recall in looking at this Settlement
17 Agreement that you and your attorneys were awarded the
18 gross sum of $118,750?
19   A.  Yes, I recall that.
20   Q.  And then the breakdown was $62,988 made out to
21 you, correct?
22   A.  Correct.
23   Q.  And $55,762 made out to your attorneys,
24 correct?
25   A.  Correct.



800.211.DEPO (3376)
EsquireSolutions.com

Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 10 of 18

ELSIDDIG ELHINDI - VOLUME 1                             August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                              128

```
 1       Q.  And you did receive that check for $62,988,
 2   correct?
 3       A.  Correct.
 4       Q.  Do you recall when you received the check?
 5       A.  Not the exact date, but I remember getting a
 6   call to come to Oakland and pick up the check from the
 7   office there on Harrison Street.
 8       Q.  Okay.  Do you recall if that was approximately
 9   April 23rd, 2010?
10       A.  Yes.
11       Q.  Okay.
12       A.  Yes, I remember that.
13       Q.  Okay.  And in exchange for you getting $62,988
14   you were agreeing to dismiss CDCR as a defendant in the
15   lawsuit, correct?
16       A.  On lawsuit 1, yes.
17       Q.  Excuse me?
18       A.  On lawsuit 1.
19       Q.  On Elhindi 1, yes.  And as part of dismissing
20   them you also were agreeing in that agreement that there
21   was no admission of liability or fault by CDCR?
22       A.  Yes, I agreed to that.
23       Q.  Okay.  Did you feel that you should have got
24   more money in that lawsuit?
25       A.  I did.
```



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 11 of 18

ELSIDDIG ELHINDI - VOLUME 1                           August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                              164

```
 1    A.   That's very important because he is a
 2  lieutenant now somewhere.
 3    Q.   Okay.  Anything else?
 4    A.   To the best of what I remember now, those are
 5  the two things that come across.
 6    Q.   Okay.  We'll come back to this one in a second.
 7  So you might want to put number 8 aside.
 8    A.   Okay.
 9    Q.   I'm going to mark as Exhibit 9 the EEOC
10  Complaint filed on January 25th, 2011.
11         (Defendant's Exhibit 9 was marked
12         for identification.)
13  BY MS. McDANIEL:
14    Q.   Do you recognize this document?
15    A.   Yes, I do.
16    Q.   Did you prepare this document?
17    A.   I think it was prepared by the EEOC and they
18  send it to me for signature.
19    Q.   Okay.  As you sit here today is there anything
20  that you see on this first page that is incorrect?
21    A.   Wait a second, let me look real quick.  No.
22    Q.   How about the second page?
23    A.   No, I don't think so.
24    Q.   There is a Sergeant Hall on this case; is that
25  correct?
```



```
 1       A.   Yes, Sergeant Hall, yes.
 2       Q.   Okay.  And then, again, that's your signature
 3  on the bottom left corner of the second page?
 4       A.   Yes, it is.
 5       Q.   You signed this on January 20th, 2011, under
 6  the penalty of perjury?
 7       A.   Correct.
 8       Q.   That everything on the first two pages is true
 9  and correct?
10       A.   Yes.
11       Q.   Okay.  It looks like you signed it on the 20th
12  of January, but there is a stamp, you can't see it that
13  well, but it's in the upper right hand area, it looks
14  like it was actually filed with the EEOC -- or, I'm
15  sorry.  Yeah, who did you file this with?
16       A.   I filed it with the EEOC.
17       Q.   Okay.  With the EEOC on January 25th, 2011,
18  correct?
19       A.   The stamp said January 25th, the signature says
20  January 20th.
21       Q.   Okay.  So you signed it one day, it got filed 4
22  to 5 days later, correct?
23       A.   It looks like that, yes.
24       Q.   At the time that you signed this I assume you
25  had given the EEOC investigator -- is that the right
```



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 13 of 18

ELSIDDIG ELHINDI - VOLUME 1                    August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                       169

1  Unfortunately, that didn't take place because they
2  refused.
3       In fact, after that I took the paperwork, the
4  letter from the EEOC, and went in person to Bradshaw to
5  the Office of Internal Affairs, and they told me take
6  that paper and go back to the EEOC and do what you want.
7  Basically that's what they told me.
8       Q.   When was that?  Before you filed it?
9       A.   Oh, yeah, before I even looked for an attorney.
10      Q.   Okay.
11      A.   I went to -- after they -- I had a meeting I
12  think April, I was in Japan with my son, we came back
13  beginning of 2014.  April 1st, 2014, the EEOC
14  coordinator came to a meeting, we had a meeting.  And
15  then the EEOC felt she was not really serious about any
16  talk, so they terminated talks by 12:00 noon.
17      After that I took the letter and went in person
18  to Office of Internal Affairs off Bradshaw, and I asked
19  them please help me out, you know.
20      Q.   Okay.  Sir, I'm sorry, but we are on 2011.  I'm
21  trying to just focus on --
22      A.   Okay.  Go ahead.
23      Q.   I'll get to that.
24      A.   Okay.  But, yes, I -- that's -- okay, go ahead.
25      Q.   Okay.  So when you filed this with the EEOC you



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 14 of 18

ELSIDDIG ELHINDI - VOLUME 1                         August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                          170

1  were aware at that point you had to file this if
2  eventually you did want to file a lawsuit?
3       A.  Not necessarily, because there is options of
4  sitting with the person that you were filing against for
5  mediation --
6       Q.  But if that failed --
7       A.  -- through the EEOC.
8       Q.  But if that failed you were reserving your
9  right, if it came down to it, as it did --
10      A.  Yes, I do.
11      Q.  -- to file a lawsuit?
12      A.  Yes.
13      Q.  Okay.  Did you also file a charge with DFEH, or
14 was it just a concurrent filing?
15      A.  I guess I cross filed with them.  I never went
16 to the -- I filed with EEOC all the time.
17      Q.  Okay.
18      A.  I went in person and talked with them.
19      Q.  And you were aware in 2011 that if you were
20 going to file a lawsuit you needed a Right to Sue letter
21 from the EEOC?
22      A.  Yes, you could say that.
23      Q.  And you can't get a Right to Sue letter unless
24 you filed this charge first, correct?
25      A.  Yes.



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 15 of 18

ELSIDDIG ELHINDI - VOLUME 1                          August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                              171

1   Q. Okay. So essentially this is reserving your
2   right to file a lawsuit.
3   A. Yes, reserve my rights.
4   Q. And you were aware based on past experience
5   that if you did file a lawsuit that you may be awarded a
6   sum of money by a judge or a jury, correct?
7   A. Not necessarily.
8   Q. But you may?
9   A. It's possible, yes, but not necessarily. That
10  was never my motivation if -- I don't understand the
11  question.
12  Q. So but you know it's possible if you did file a
13  lawsuit that a judge or a jury could decide for you, you
14  get your day in court, that a jury may agree that you've
15  been harassed and retaliated against, and it was
16  possible you could receive a large sum of money or any
17  sum of money?
18  A. And it would be a fair judgment if that
19  happened.
20  Q. Okay. And you are also aware that by filing
21  this charge if there were a lawsuit to eventually be
22  filed, which it was, that you may also get a settlement
23  and get an amount of money that way? That was a
24  possibility when you --
25  A. It is a possibility, you could say that, it was



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 16 of 18

ELSIDDIG ELHINDI - VOLUME 1                              August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                                  172

1    a possibility.
2       Q.  Just like last time, right?
3       A.  Not necessarily, but it was a possibility.
4       Q.  Yes.  There is no guaranty, but there is
5    potential -- you have a potential claim against CDCR as
6    of January 2011?
7       A.  That's a possibility, yes.
8       Q.  Okay.  So on this Exhibit 9 if you go to the
9    second paragraph -- second sentence and second paragraph
10   it says, "At least daily I am the object of derogatory
11   remarks from co-workers and even inmates regarding my
12   religion, national origin and/or race."
13          So when you signed this your allegation was
14   that every single day you had been at work from the day
15   after the first settlement, so February 25th, 2010,
16   through January 5th, 2011, every day you had been at
17   work you were subjected to harassment; correct?
18      A.  Yes, at least once a day.
19      Q.  At least once a day, okay.
20          And it's -- up in this box where it says "Dates
21   Discrimination Took Place," it says February 25th, 2010,
22   through January 5th, 2011.  Do you see that?
23      A.  Yes, I see that.
24      Q.  So the same day that we settled Elhindi 1 you
25   were harassed by someone at CDCR?



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 17 of 18

ELSIDDIG ELHINDI - VOLUME 1                           August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                              201

1  investigated, they were not there, management was there.
2  They saw it, they heard it, I thought it's an easy
3  solution, they would take care of it.
4      Q.  I'm not asking if you had hope.
5      A.  Okay.
6      Q.  Sir, I'm asking if you thought it was possible
7  in January 2011 when you filed this charge preserving
8  your right to file a lawsuit, did you think it was
9  possible at some point in the future you may be asking
10 for monetary compensation from CDCR for what you
11 perceived is harassment?
12     A.  Yes.
13     Q.  Okay.  And you knew that it was possible a
14 judge or a jury may award you a sum of money, correct?
15     A.  Yes, I did.
16     Q.  And you knew it was possible that CDCR might
17 ask your attorneys or you if you want to settle the
18 lawsuit or settle any complaint you had filed and
19 receive money that way, correct?
20     A.  Possible.
21     Q.  Okay.  And didn't you feel entitled to much
22 more -- or maybe entitled isn't the right word.
23         Did you feel that -- well, I will use it.  Did
24 you feel like you are entitled to recover much more than
25 the 118,000 you recovered in Elhindi 1 based on all the



Case 2:15-cv-00009-AC   Document 37-5   Filed 04/28/17   Page 18 of 18

ELSIDDIG ELHINDI - VOLUME 1                                August 18, 2016
Elhindi vs. CALI DEPT OF CORRECTIONS                                   234

REPORTER'S CERTIFICATION

I, SHARON CABELLO, a Certified Shorthand Reporter in and for the State of California, do hereby certify:

That the foregoing witness was by me duly sworn; that the deposition was then taken before me at the time and place herein set forth; that the testimony and proceedings were reported stenographically by me and later transcribed into typewriting under my direction; that the foregoing is a true record of the testimony and proceedings taken at that time.

IN WITNESS WHEREOF, I have subscribed my name this August 22, 2016.



SHARON CABELLO, CSR No. 3080