UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSIDDIG ELHINDI,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | No. 2:15-cv-00009-AC<br><br><br><br>ORDER |

This matter comes before the Court on defendant's motion for summary judgment on the grounds of judicial estoppel. ECF No. 37. A hearing was held on June 6, 2017. ECF No. 41. The parties have consented to the jurisdiction of the magistrate judge. ECF No. 15. Having considered the arguments presented by both parties and all of the evidence submitted, the court DENIES defendant's motion for summary judgment, and ORDERS the parties to participate in a status conference on June 28, 2017 at 10:00 a.m.

**I.    RELEVANT PROCEDURAL HISTORY**

The complaint in this case was filed on December 31, 2014. ECF No. 1. An amended complaint was filed on March 26, 2015. ECF No. 8. Defendant answered on April 21, 2015. ECF No. 10. Defendant affirmatively pled equitable defenses, including estoppel. Id. at 13. The assertion of estoppel and other equitable defenses was not supported by any factual allegations,

1

regarding a prior bankruptcy or otherwise. Id.

## II. THE MOTION

On April 28, 2017, defendant moved for summary judgment on the grounds that plaintiff is judicially estopped from bringing his discrimination claim in this court due to his failure to disclose the claim in his earlier bankruptcy proceeding. ECF No. 37-1.

## III. ANALYSIS

### A. Summary Judgment Standard

To succeed on summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). If the moving party meets its initial responsibility, the burden shifts to the non-moving party to establish that a genuine issue as to any material fact exists. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Evidence submitted by the non-moving party is presumed valid, and all reasonable inferences must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, the non-moving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint. See U.A. Local 343 v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir.1995). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23.

### B. Judicial Estoppel

Judicial estoppel is an equitable doctrine invoked by the court at its discretion. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). The doctrine exists to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the

exigencies of the moment." Id. at 743. Courts consider three factors to determine whether judicial estoppel is appropriate in a given case: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept the earlier position; and (3) whether the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th Cir. 2001).

In the bankruptcy context, a default rule applies: If a plaintiff-debtor omits a pending or imminent lawsuit from the bankruptcy schedules and obtains a discharge, judicial estoppel bars the action. Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013). However, mistake or inadvertence on the part of the plaintiff-debtor may weigh against the application of judicial estoppel. The "presumption of deceit" underlying the default rule does not apply where the plaintiff-debtor has reopened the bankruptcy and corrected the erroneous filing. Id. at 276.

> In these circumstances . . . judicial estoppel requires an inquiry into whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood. Courts must determine whether the omission occurred by accident or was made without intent to conceal. The relevant inquiry is not limited to the plaintiff's knowledge of the pending claim and the universal motive to conceal a potential asset — though those are certainly factors. The relevant inquiry is, more broadly, the plaintiff's subjective intent when filling out and signing the bankruptcy schedules.

Id. at 276-77.

    C.    Undisputed Facts

Plaintiff filed a harassment charge against defendant with the Equal Employment Opportunity Commission ("EEOC") in January of 2011. ECF No. 38-1, 2. When plaintiff filed with the EEOC, he understood that it was possible that at some point in the future he would be asking CDCR for monetary compensation for what he perceived as harassment. Id. at 4. Plaintiff understood that by filing his complaint with the EEOC he was reserving his right to file a lawsuit against CDCR. Id. at 3.

On May 12, 2011, plaintiff filed a Chapter 7 bankruptcy petition. ECF No. 38-1 at 4. In the petition, plaintiff declared under penalty of perjury that his petition and its schedules were

"true and correct to the best of his knowledge, information, and belief." Id. In response to Question 21 on Schedule B of his bankruptcy petition, which asked for "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," plaintiff indicated "None." Id. at 4-5. Plaintiff declared under penalty of perjury on May 10, 2011 that his Statement of Financial Affairs in his bankruptcy were true and correct. Id. at 5. Plaintiff was represented by attorney Razi Shah in the filing of this bankruptcy petition.[1] Id. The bankruptcy court issued its final decree on September 9, 2011. Id. at 6.

In February of 2014, the EEOC issued a determination of reasonable cause of harassment against CDCR and issued plaintiff a right to sue letter. Id. at 8. Plaintiff filed the pending discrimination case on December 31, 2014. ECF No. 1.

The existence of plaintiff's bankruptcy and its potential estoppel effect were first raised as issues in the present case when defendant filed this motion for summary judgment. After being served with the motion, plaintiff's current counsel reached out to the bankruptcy trustee and his counsel. ECF No. 38-3 (Declaration of Alan J. Reinach). The bankruptcy proceeding has been re-opened for purposes of correcting the schedules. Id., ECF No. 42-1 (Order Reopening Bankruptcy Case No. 11-31916-D-7, dated June 7, 2017).

D. Defendant Is Not Entitled To Summary Judgment

The evidentiary record before the court, construed in favor of the non-moving party pursuant to Rule 56, fails to establish the appropriateness of judicial estoppel as a matter of law. The bankruptcy case has been re-opened. ECF No. 42-1. Plaintiff appears to be making a good faith effort to correct his omission of the instant discrimination claim. See ECF No. 38-3 (Declaration of Alan J. Reinach); ECF No. 38-2 (Declaration of Elsiddig Elhindi) at 6. Under these circumstances, the court may not apply a presumption of deceit. See Ah Quin, 733 F.3d at 276. In other words, the "default rule" in favor of estoppel does not apply. Id. Rather, the dispositive question for estoppel purposes is whether plaintiff's 2011 omission of the information was "inadvertent or mistaken" in the common meaning of those terms, which turns on plaintiff's

---

[1] Plaintiff is represented by different counsel in this employment discrimination suit.

4

"subjective intent when filling out and signing the bankruptcy schedules." Id. at 276-77. Plaintiff has opposed summary judgment with a declaration regarding his state of mind when completing the bankruptcy paperwork, ECF No. 38-2, and this evidence of subjective intent precludes summary judgment.

Plaintiff declares that his omission of his EEOC filing in his bankruptcy proceedings was an error due to his misunderstanding of the technical language in the bankruptcy forms. ECF No. 38-2. He swears under penalty of perjury that he did not "intentionally lie, mislead or deceive the bankruptcy court" and that he "had no understanding that [he] had to list the EEOC charge, that it was an asset, or that it would have had any impact on [his] bankruptcy." ECF No. 38-2, 6. He declares further that English is not his native language, and that he has trouble understanding technical and legal terms in English. Id. at 5. He declares that, while he had an attorney in the bankruptcy proceeding, that attorney did not review the questions in the bankruptcy forms with him. Id. This declaration must be credited on summary judgment, see T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987), and it defeats defendant's argument that the undisputed record requires application of judicial estoppel.[2]

In this regard the instant case is on all fours with Ah Quin, in which the Ninth Circuit overruled the district court's grant of summary judgment, on judicial estoppel grounds, to the defendant in an employment discrimination case. In Ah Quin as here, the plaintiff had omitted the discrimination claim from a bankruptcy that had already been discharged. In Ah Quin as here, the plaintiff re-opened the bankruptcy proceeding to correct the omission after it came to light during the discrimination case. In Ah Quin as here, the plaintiff opposed summary judgment with an affidavit asserting innocent mistake in the bankruptcy filing. Ah Quin, 733 F.3d at 278. Just as fundamental Rule 56 principles precluded application of judicial estoppel on summary judgment in Ah Quin, id., they preclude it here.

---

[2] The court rejects defendant's argument that the declaration may be disregarded on summary judgment as a "sham" affidavit. In order to deem the declaration a sham, the court must find that its contents are "blatantly contradicted by the record," such that no reasonable fact-finder could believe it. Scott v. Harris, 550 U.S. 372, 380 (2007). That is not the case. Plaintiff's declaration, and defendant's challenges to it, are addressed further below.

Ah Quin also compels rejection of defendant's argument that even if plaintiff was mistaken rather than deliberately deceptive in his bankruptcy filing, it was a mistake regarding legal requirements rather than a mistake of fact and therefore cannot provide an exception to estoppel. Defendant cites the pre-Ah Quin case of Montgomery v. Nat'l City Mortg., No. C-12-1359 EMC, 2012 WL 1965601 (N.D. Cal. May 31, 2012). In evaluating whether a plaintiff's alleged mistake should allow him to avoid judicial estoppel, the Montgomery court noted, "The only possible mistake would be his understanding of bankruptcy disclosure requirements, but Mr. Montgomery cites no authority for the proposition that ignorance of the bankruptcy law's requirements (as opposed to some mistake of fact) constitutes mistake barring judicial estoppel." Id. at *7. This distinction between mistakes of law and mistakes of fact is irrelevant after Ah Quin. The Ah Quin plaintiff "explained that [she] had never disclosed the pending lawsuit to her bankruptcy lawyer or his staff and that [her] failure to list the lawsuit as an asset stemmed from [her] misunderstanding of what she was required to do." Ah Quin, 733 F.3d at 270. The Ninth Circuit expressly accepted this mistake as one which would defeat judicial estoppel, and held that the dispositive question was "whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, *as those terms are commonly understood*" and as measured by plaintiff's subjective intent. Id. at 276-77 (emphasis added). Because plaintiff's declaration in this case, taken as true, establishes subjective inadvertence and a mistake within the commonly understood meaning of the word, it defeats summary judgment.

E.   The Court Declines To Apply Judicial Estoppel

In Ah Quin, the Ninth Circuit remanded the case for further fact finding on the issue of subjective intent, stating that it could not make the necessary determination on the record before it. Ah Quin, 733 F.3d at 279. The undersigned has considered whether further factual development, in the form of an evidentiary hearing or otherwise, is necessary in this case and concludes that it is not. For the reasons that follow, the record is sufficiently developed and fails to present material factual disputes that would require a hearing. On the basis of this record, the court finds that judicial estoppel is not appropriate in this case, in light of plaintiff's showing of inadvertence or mistake.

6

Further district court proceedings regarding judicial estoppel were necessary in Ah Quin because the record included "factual support for a conclusion either of mistake and inadvertence, or of deceit." 733 F.3d at 277. Specifically, the record in that case included a colloquy in the bankruptcy court in which the debtor had been directly instructed by the bankruptcy judge that potential legal claims arising from her and her husband's employment disputes had to be included among declared assets. Ah Quin, 733 at 278; id. at 287-88 (Bybee, J., dissenting). There is no such evidence here.

Defendant argues that plaintiff's claim of mistake is disingenuous, but does not present evidence that creates a genuine factual dispute about the credibility of his declaration. In an attempt to discredit plaintiff's sworn statement regarding his own state of mind, defendant points to excerpts from plaintiff's deposition testimony. ECF No. 37-5. In questioning plaintiff about a previous EEOC complaint that he had filed in 2008, defendant asked, "And do you understand -- did you understand back in 2008 when you filled this out that this was a required step that you do if you want to sue your employer for discrimination or harassment?" to which plaintiff responded "Yes, I do." Id. at 7, ¶¶ 20-24. Later, defendant questioned plaintiff in a similar vein regarding the 2011 EEOC filing which led to this lawsuit:

> Q. And you were aware in 2011 that if you were going to file a lawsuit you needed a Right to Sue letter from the EEOC?
>
> A. Yes, you could say that.
>
> Q. And you can't get a Right to Sue letter unless you filed this charge first, correct?
>
> A. Yes.
>
> Q. Okay. So essentially this is reserving your right to file a lawsuit.
>
> A. Yes, reserve my rights.
>
> Q. And you were aware based on past experience that if you did file a lawsuit that you may be awarded a sum of money by a judge or a jury, correct?
>
> A. Not necessarily.
>
> Q. But you may?

>     A. It's possible, yes, but not necessarily. That was never my motivation if – I don't understand the question.

Id. at 14-15, ¶¶ 19-11.

This testimony does not support an inference that plaintiff understood at the time of his bankruptcy filing that his EEOC complaint was something that qualified as an asset and needed to be disclosed. In fact, nowhere in the deposition excerpts submitted by defendant does plaintiff discuss his bankruptcy or his understanding of what constitutes "continent and unliquidated claims" in the bankruptcy context. Accordingly, the deposition testimony does not create a genuine dispute regarding the credibility of plaintiff's declaration.

The fact that plaintiff has re-opened his bankruptcy case, on the other hand, provides corroborating evidence that his subjective intent when filing his bankruptcy petition was not devious. Plaintiff declares that he asked his attorneys to reopen his bankruptcy proceedings so that he can "make things right." Id. at 6. Plaintiff states, "I did not learn that I had made a mistake on my bankruptcy petition until being informed by my attorneys of this pending Motion for Summary Judgment. Since that time, I have asked my attorneys to assist me in reopening the bankruptcy proceeding so that I can make things right. I am informed that my attorneys have contacted the bankruptcy trustee in order to begin the process." Id. The bankruptcy proceeding has been reopened, ECF No. 42-1, and an attorney for the Bankruptcy Trustee has now appeared in this case, ECF No. 40.

Defendant asserts that "Plaintiff's application to re-open his bankruptcy is not relevant to the Court's analysis of the judicial estoppel doctrine." ECF No. 39. That is a misstatement of the law. In Ah Quin, the fact that the plaintiff-debtor had re-opened her bankruptcy case was the reason the default rule in favor of estoppel was not applied. 733 F.3d at 276. Defendant relies on Jones-Riley v. Hewlett Packard Co., 2015 WL 300703 (E.D. Cal. 2015), which does not support its position. In Jones-Riley the plaintiff-debtor had not re-opened the bankruptcy proceedings to correct the error, and the court distinguished the case from Ah Quin on that basis. Jones-Riley, 2015 WL 300703 at *5. ("The [Ah Quin] court held that a 'key factor is that Plaintiff reopened her bankruptcy proceedings and filed amended bankruptcy schedules that properly listed this

claim as an asset.' Plaintiff can make no such claim here. Therefore, this Court finds insufficient evidence of inadvertence or mistake." (citations omitted)).

Likewise, in Talosig v. US Bank N.A., another case cited by defendant, the court specifically noted that "Plaintiffs have not sought to reopen their bankruptcy to amend their schedules in the months following the bankruptcy and the beginning of this action." No. 2:15-CV-2433-MCE-CKD, 2016 WL 632796, at *3 (E.D. Cal. Feb. 17, 2016). The two other key cases relied on by Defendant were decided before the Ninth Circuit's opinion in Ah Quin and are therefore inapposite.[3]

It is true that delay in the re-opening of the bankruptcy case can be a factor weighing against a finding of genuine inadvertence. Ah Quin, 733 F.3d at 278. However, the court finds that the circumstances of this case, taken as a whole, do not support an inference of deceit. On the contrary, here the timing is entirely consistent with plaintiff's representation that he had no idea there was a problem until his current lawyers contacted him after being served with the motion for summary judgment. Plaintiff cannot be expected to have spontaneously corrected an error he was not aware of. Plaintiff's counsel in this case likewise had no reason to know of the error. Plaintiff was represented by separate counsel in his bankruptcy case. ECF No. 38-2 at 5. Plaintiff's bankruptcy was discharged roughly three years before this case was even filed. ECF No. 1. Defendant did not raise the issue until roughly three and a half years into this litigation. ECF No. 37. It appears that all parties were ignorant of the bankruptcy issue until well into the discovery phase of this case. In light of the circumstances as a whole, the court declines defendant's invitation to read anything inculpatory into the delay between the bankruptcy discharge and plaintiff's corrective actions.

For all the reasons set forth above, the court accepts and credits plaintiff's declaration. There are no material factual disputes that require an evidentiary hearing. The court finds on the basis of the submitted evidentiary record that plaintiff's omission of his then-potential

---

[3] See, Banuelos v. Waste Connections, Inc., No. 1:12-CV-1012 AWI SAB, 2013 WL 398859 (E.D. Cal. Jan. 31, 2013); Caviness v. England, No. CIVS042388 GEB DAD PS, 2007 WL 1302522, at *1 (E.D. Cal. May 3, 2007), report and recommendation adopted, No. 204CV2388GEB DAD PS, 2007 WL 1577707 (E.D. Cal. May 31, 2007).

discrimination claim from the bankruptcy case was a mistake that takes it outside the default estoppel rule. Further, the court in exercise of its discretion declines to invoke judicial estoppel.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion for summary judgment, EFC No. 37, is DENIED.

2. A status conference is set for June 28, 2017, at 10:00 in Courtroom No. 26. All parties, including the Bankruptcy Trustee, shall appear by counsel and be prepared to discuss the impact, if any, of the Trustee's appearance on the Scheduling Order now in effect.

DATED: June 16, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE